1  FRAMROZE M. VIRJEE (S.B. #120401)
   DAVID L. HERRON (S.B. #158881)
2  ADAM P. KOHSWEENEY (S.B. #229983)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA 90071-2899
4  Telephone:  (213) 430-6000
   Facsimile:  (213) 430-6407
5
   CHRIS A. HOLLINGER (S.B. #147637)
6  CHRISTOPHER T. SCANLAN (S.B. #211724)
   O'MELVENY & MYERS LLP
7  275 Battery Street, 26th Floor
   San Francisco, CA 94111-3344
8  Telephone:  (415) 984-8700
   Facsimile:  (415) 984-8701
9
   Attorneys for Defendant
10 Citicorp Investment Services

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS TCHIKOVANI, | Case No. C 07 3560 HRL |
| Plaintiff, | NOTICE OF REMOVAL; RULE 3-16 CERTIFICATION OF INTERESTED ENTITIES OR PERSONS |
| v. | |
| CITICORP INVESTMENT SERVICES, and Does 1 through 100, | (28 U.S.C. §§ 1331, 1332, 1367(a), 1441(a), (b), (c), 1446, and 1453) |
| Defendants. | (Santa Clara County Superior Court Case No. BC 107CV-083202) |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.

PLEASE TAKE NOTICE THAT defendant Citicorp Investment Services, which was merged with and into Citigroup Global Markets Inc. on May 31, 2007 ("CIS"), hereby removes to this Court the state-court action described below.

## DESCRIPTION OF ACTION

1. This removal involves a putative class action that was commenced in the Superior Court of the State of California in and for the County of Santa Clara, entitled <u>Nicholas Tchikovani v. Citicorp Investment Services, Inc.; and Does 1 through 100, inclusive</u>, Case Number 107CV-083202.

2. Plaintiff Nicholas Tchikovani ("Plaintiff" or "Tchikovani") initially filed this action solely on behalf of himself, alleging five causes of action: (1) Discrimination Based on Disability (Cal. Gov. Code § 12900 *et seq.*)/Wrongful Termination in Violation of Public Policy; (2) Violation of Labor Code § 2802; (3) Violation of Labor Code § 221; (4) Violation of Business & Professions Code § 17200; and (5) Violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq*. A true and correct copy of the initial Summons and Complaint in this matter is attached as Exhibit A.

3. Prior to CIS answering the initial Complaint, Plaintiff conveyed to CIS the fact that it intended to filed a First Amended Complaint ("FAC") in order to convert the case to a class action. Accordingly, CIS did not answer the initial Complaint, and thereafter Plaintiff served CIS with the FAC, which converted his original lawsuit into a substantially new lawsuit – *i.e.*, it alleged a class action for six of the seven claims, re-characterized a number of causes of action, and included additional causes of action based on new facts. Specifically, the FAC alleged: (1) Restitution of Wage Deductions and Illegal Chargebacks (Restitution for Violation of Cal. Lab. Code §§ 221 and 2802); (2) Restitution for Overtime Wages (Restitution for Violation of the FLSA); (3) Failure to Pay Overtime Wages (Restitution for Violation of Cal. Lab. Code §§ 1194 and 510(a) and Cal. Code of Regulations § 11040); (4) Failure to Pay Terminated or Quitting Employee (Restitution for Violation of Cal. Lab. Code §§ 201, 202 and 203); (5) Failure to Provide Meal and Rest Periods (Restitution for Violation of Cal. Lab. Code §§ 226.7 and 512); (6) Failure to Provide Itemized Statement to Employee (Restitution for Violation of Cal. Lab.

1  Code § 226); and (7) Wrongful Termination in Violation of Public Policy.  A true and
2  correct copy of the Summons and FAC in this matter is attached as Exhibit B.

4      4.    CIS filed its Answer to the FAC in the Superior Court of the State of
5  California for the County of Santa Clara on July 9, 2007.  A true and correct copy of CIS'
6  Answer is attached hereto as Exhibit C.  No other pleadings or orders have been served on
7  CIS.

## SERVICE AND TIMELY REMOVAL

10      5.    Plaintiff served CIS with the original Complaint on April 19, 2007.  CIS
11  never answered the Complaint, however, based on Plaintiff's extension of time and the
12  fact that Plaintiff indicated that it was going to file and serve a FAC converting the matter
13  into a class action.  Plaintiff did indeed serve CIS with the FAC and Summons in this
14  action on June 12, 2007.  This Notice of Removal is being filed within 30 days of service
15  of the FAC on the first-served defendant (*i.e.*, CIS).  Because the FAC fundamentally
16  changed the relevant facts at issue in this case – changing it from a case that involved only
17  the facts of Tchikovani's employment, to a case that putatively implicates the facts
18  surrounding the employment of at least six hundred (600) current and former employees
19  of CIS – the FAC was "substantially a new suit begun that day" and this Notice of
20  Removal on the FAC is timely filed.  28 U.S.C. § 1446(b); *Wilson v. Intercollegiate (Big*
21  *Ten) Conference Athletic Association*, 668 F.2d 962, 965-66 (7th Cir. 1982) (*citing*
22  *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886)).

24      6.    CIS has not secured the assent of the Doe Defendants before removing this
25  action because, to its knowledge, the Doe Defendants have not been served and have not
26  voluntarily appeared in this action.

**JURISDICTION AND BASIS FOR REMOVAL**

**I.     Federal Question Jurisdiction**

7.     In the FAC, Plaintiff asserts as his second claim alleged violations of the FLSA, 29 U.S.C. §§ 201 *et seq.*, contending generally that he and other purported class members "worked over forty hours per week without overtime in violation of the FLSA" and, therefore, are entitled to restitution "for all unpaid overtime wages." (*See* FAC ¶ 17, Exhibit B.) Moreover, Plaintiff asserts that some of the common questions of law and fact that must be addressed in this lawsuit for purposes of class certification are "[w]hether Defendants are subject to the FLSA," and "[w]hether Defendants violated the FLSA." (*Id.* ¶ 7(b)(v)-(vi).) The remainder of Plaintiff's class claims – and five of the six remaining claims in total – are alleged under California state law, and arise from the precise same set of facts and circumstances alleged with respect to Plaintiff's federal FLSA claim. (*Id.* ¶¶ 8-12, 18-36 .) The California state law class claims that Plaintiff alleges are so related to Plaintiff's federal FLSA claim over which this Court has original jurisdiction that they form the same case or controversy for jurisdictional purposes.

8.     Pursuant to 28 U.S.C. § 1331, federal District Courts shall have original jurisdiction of all civil actions arising under the laws of the United States. Any civil action over which the "district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable . . . ." 28 U.S.C. § 1441(b). Federal question jurisdiction exists here over Plaintiff's second cause of action which alleges violations of the federal FLSA and, thus, violations of the laws of the United States. This Court has original jurisdiction over Plaintiff's claims and action, which are removable to this Court. *See* 29 U.S.C. §§ 1331, and 1441(a), (b) and (c).

9.     Plaintiff's supplemental state law class claims are directly related to, are redundant to, and directly flow from the purported violations of the wage and hour provisions of the FLSA that Plaintiff alleges, even though they have a state-law basis.

Specifically, Plaintiff's state law causes of action assert wage and hour violations of the overtime provisions of the California Labor Code and related regulations. (*See* FAC ¶¶ 8-12, 18-36, Exhibit B.) Thus, Plaintiff's federal FLSA claim and his class claims under California state law are so related to each other that they form part of the same case or controversy under Article III of the United States Constitution, and are subject to the supplemental jurisdiction of the federal District Court. *See* 28 U.S.C. § 1367(a). In addition, no basis exists under 28 U.S.C. § 1367(b) for an exception to the exercise of supplemental jurisdiction over Plaintiff's state law-based class claims.

## II.     Jurisdiction Over Plaintiff's Individual Claim For Wrongful Termination.

10.     This Court also has jurisdiction over Plaintiff's state law individual claim – the seventh claim for Wrongful Termination in Violation of Public Policy – under at least four separate and independent bases.

11.     First, Plaintiff's individual claim repeatedly references violations of the federal Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq* ("FMLA"). (FAC. ¶¶ 35-36, 43.) Indeed the FAC alleges that "Defendants [CIS]'s policy and practice requires the immediate dismissal of employees who are entitled to . . . FMLA leave." (FAC ¶ 43.) Accordingly, resolution of the individual claim will require interpretation of the FMLA and as a result this Court has original jurisdiction over Plaintiff's seventh cause of action, in that it alleges and involves violations of the federal FMLA and, thus, violations of the laws of the United States. *See* 29 U.S.C. §§ 1331, and 1441(a), (b) and (c).

12.     Second, Plaintiff's state law individual claim for Wrongful Termination in Violation of Public Policy is also a cause of action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This action may be removed by CIS to this Court pursuant to 28 U.S.C. § 1441(b), in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000. Specifically, Plaintiff

admits that he is a citizen of California.  (FAC. ¶ 1.)  Defendant is currently a New York corporation with its principal place of business located at 388 Greenwich Street, New York, New York (formally, it had been a Delaware corporation with a principal place of business located in New York, New York).  As such, under 28 U.S.C. § 1332(c)(1), Defendant is a citizen of a State or States other than California.  Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendant in this matter.  *See* 28 U.S.C. § 1332(a)(1).

13.     Plaintiff's individual claim for Wrongful Termination in Violation of Public Policy also satisfies the $75,000 jurisdictional amount-in-controversy requirement for original jurisdiction under 28 U.S.C. § 1332.  CIS denies that Plaintiff is entitled to any damages at all under his individual claim, but notwithstanding CIS' denial of liability, the types of economic recovery sought by Plaintiff for his individual claim indicate he is seeking damages and other monetary relief in excess of $75,000.  Among other forms of damages, Plaintiff asserts that as a result of CIS' alleged unlawful actions, Plaintiff "suffered and continues to suffer substantial losses in earnings and other benefits in his employment."  (FAC ¶ 44.)  Plaintiff's average annualized earnings during his employment with CIS were approximately two hundred fifty three thousand four hundred four dollars ($253,404).  Assuming for purposes of removal *only* that Plaintiff is seeking the equivalent of at least one year of compensation while at CIS, the "amount in controversy" for Plaintiff's seventh cause of action accordingly is well in excess of the jurisdictional threshold.

14.     Third, Plaintiff's state law individual claim is related to the other causes of action in that it also arises from the Tchikovani's employment with CIS.  Accordingly, the individual claim is sufficiently related to the class claims that they form part of the same case or controversy under Article III of the United States Constitution, and are subject to the supplemental jurisdiction of a federal District Court.  *See* 28 U.S.C. §

1367(a). Additionally, no basis for an exception to the exercise of supplemental jurisdiction exists under 28 U.S.C. § 1367(b).

15.  Fourth, even if this Court rejects all three bases listed above, this Court nonetheless has jurisdiction over the individual claim pursuant to 28 U.S.C. § 1441(c) (stating that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein").

16.  While the Complaint lists "Does" as defendants, for purposes of removal, those unknown defendants need not join in this Notice of Removal. *See, e.g., Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209 (9th Cir. 1980).

### III. Class Action Fairness Act Jurisdiction

17.  This Court also has subject matter jurisdiction over all the class claims alleged in this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a putative class action in which: (a) there are 100 or more members in Plaintiff's proposed class; (b) at least some members of the proposed class, including Plaintiff, have a different citizenship from one or more defendants; and (c) the claims of the proposed class members, in the aggregate, exceed the sum or value of $5,000,000 (exclusive of interest and costs).

18.  Plaintiff invokes California Business & Professions Code § 17200 *et seq*. for all of their state law class allegations, with the exception of their fourth cause of action for "Failure to Pay Terminated or Quitting Employee" and their sixth cause of action for "Failure to Provide Itemized Statement to Employee." (FAC ¶¶ 9, 12, 17, 19, 22, 28, 31.) In doing so, Plaintiff implicitly contends that the applicable statute of limitations, at least

for his first, third and fifth causes of action, is four (4) years.  Cal. Bus. & Prof. Code § 17208.  Indeed, in his prayer for relief, Plaintiff expressly requests "restitution of all unlawfully withheld overtime wages for a period commencing four years prior to the filing of this action through final judgment."  (FAC at 14, ¶¶ 5, 8.)  CIS does not concede that this is the appropriate limitations period, but for purposes of this Notice of Removal will utilize this period to determine the numbers and amounts "in controversy."

### A.   Plaintiffs' Class Action Consists of More Than 100 Members.

19.   Plaintiff brings his state law class action claims on behalf of himself and several classes or subclasses of current and former CIS Financial Consultants, who allegedly:  (a) were subject to unlawful wage deductions and chargebacks; (b) were not paid their legal wages; (c) were not granted their meal and rest periods; and (d) did not receive properly itemized wage statements.

20.   Plaintiff contends in his FAC that "over 100 current and former Financial Consultants employed by [CIS] have been subject to its failure to pay overtime, unlawful deductions, improper itemized statements, meal and rest period violations, and illegal chargebacks."  (FAC ¶ 7(a).)  In fact, although CIS does not admit that class treatment is proper in this case, and in fact specifically denies the same, upon information and belief, it appears that over six hundred (600) current and former California-based Financial Executives would be included in Plaintiff's proposed class definition.

21.   Accordingly, the number of putative class members in the class proposed by Plaintiff greatly exceeds 100.

### B.   Diversity of Citizenship is Established.

22.   Defendant is a New York corporation with its principal place of business located at 388 Greenwich Street, New York, New York  (formally, it had been a Delaware corporation with a principal place of business located in New York, New York).  As such,

under 28 U.S.C. § 1332(c)(1), Defendant is a citizen of a State or States other than California.

23. Plaintiff admits that he is a citizen of California. (FAC. ¶ 1.)

24. Because Defendant is incorporated and has its principal place of business outside California, and one or more members of the proposed plaintiff class is a citizen of California, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

### C. The Aggregate Amount-in-Controversy Exceeds $5,000,000.

25. The amount in controversy in this case exceeds the sum or value of $5,000,000, as required by 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6), the latter of which provides: "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." By this allegation, and the statements contained in this Notice of Removal, Defendant does not concede that Plaintiffs are owed in excess of five million dollars ($5,000,000), or that they are owed any amount whatsoever. Nevertheless, the amount "in controversy" in this case is in excess of five million dollars ($5,000,000) for the reasons set forth below.

26. The FAC purports to articulate seven causes of action, all but one of which are class claims.

27. For his First Cause of Action, Plaintiff alleges that CIS violated California law by subjecting Plaintiff and other putative class members to "unlawful deductions, including but not limited to, deduction of compensation for wages paid to Financial Assistants." (FAC ¶ 10.)

28.     For his Second Cause of Action, Plaintiff alleges that CIS violated the FLSA, a federal statute, when Plaintiff "an other similarly situated class members *regularly* worked more than forty hours per week but failed to receive overtime pay." (FAC ¶ 16 (emphasis added).)

29.     For his Third Cause of Action, Plaintiff alleges that CIS violated California law and the applicable IWC Wage Orders when Plaintiff and putative class members "*often* worked in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek and were not paid at a rate of one and one-half time their regular rate of pay." (FAC ¶ 20 (emphasis added).)

30.     For his Fourth Cause of Action, Plaintiff alleges that the putative class members who were discharged by CIS during the relevant liability period are due up to a maximum of thirty (30) days' wages, under California's so-called "waiting time penalties" statute. (FAC ¶¶ 23-26.)

31.     For his Fifth Cause of Action, Plaintiff contends he and the putative class members "were *often* required to work through meal break and rest periods to perform and complete his [sic] tasks for [CIS]." (FAC ¶ 30 (emphasis added).) Plaintiff further contends that every missed meal and every missed rest period entitles him and putative class members to one hour of wages. (FAC ¶ 31.)

32.     Lastly, for his Sixth Cause of Action, Plaintiff also seeks "penalties for failure to maintain and provide itemized statements of employees pay." (FAC ¶ 36.) Plaintiff's prayer for relief requests penalties under California Code § 226, which provides for a maximum per employee penalty of $4,000. (FAC at 15, ¶ 20); Cal. Lab. Code § 226(e).

33.     Assuming for purposes of removal *only* that class treatment of some or all of Plaintiff's claims is appropriate, and assuming further that each putative class member worked on average one and a half (1.5) hours of overtime per week (though such is not admitted by CIS, and is in fact expressly denied), the amount in controversy under Plaintiff's Second and Third Causes of Action is approximately six million eight hundred thousand dollars ($6,800,000). Accordingly, the "amount in controversy" in this case is well in excess of the jurisdictional threshold even if *only* two of the six class claims are considered.

34.     Finally, Plaintiff also seek interest, attorneys' fees and costs of suit for prosecuting this action. (FAC at 14-15, ¶¶ 3-4, 6-7, 10-11, 15, 17-18, 24-26.) Such fees, when added to damages discussed above, further increase the amount in controversy well in excess of $5 million. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (considering prayer for attorneys' fees found appropriate in calculating $5 million threshold under the Class Action Fairness Act) (publication pending).

35.     In short, the amount in controversy in this action clearly exceeds five million dollars ($5,000,000) as required by 28 U.S.C. § 1332(d)(2) and § 1332(d)(6).

### D.     No CAFA Exception Applies.

36.     CAFA contains certain jurisdictional exceptions, none of which applies to the present case.

37.     The "Local Controversy Exception" does not apply to the present case because the named defendant is not a citizen of California, the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

38. The "Home State Exception" does not apply to the present case because the primary defendant is not a citizen of California, the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B).

39. Accordingly, all of the requirements for federal jurisdiction under 28 U.S.C. §1332(d) are satisfied, and removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

## CONCLUSION

40. For all of the foregoing reasons, this Court has jurisdiction over Plaintiff's claims and this action, and this action has been properly and timely removed to this Court.

## INTRADISTRICT ASSIGNMENT

41. Pursuant to Civil L.R. 3-2(e), intradistrict venue is appropriate in the San Jose Division of this Court, as assigned by the Clerk, because this action is removed from the Superior Court of the State of California in and for the City and County of Santa Clara.

Dated: July 10, 2007.

O'MELVENY & MYERS LLP
FRAMROZE M. VIRJEE
DAVID L. HERRON
CHRIS A. HOLLINGER
ADAM P. KOHSWEENEY
CHRISTOPHER T. SCANLAN

By: *Adam P. Koh Sweeney*
Adam P. KohSweeney
Attorneys for Defendant
CITICORP INVESTMENT SERVICES

1135297

## RULE 3-16 CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

On, Defendant May 31, 2007, Defendant Citicorp Investment Services was merged with and into Citigroup Global Markets Inc. ("CGMI"). CGMI is wholly owned by Citigroup Global Markets Holdings, Inc., which, in turn, is wholly owned by Citigroup, Inc., shares of which are listed on the New York Stock Exchange.

Dated: July 10, 2007.

O'MELVENY & MYERS LLP
FRAMROZE M. VIRJEE
CHRIS A. HOLLINGER
ADAM P. KOHSWEENEY
CHRISTOPHER T. SCANLAN

By: /s/ Adam P. KohSweeney
Adam P. KohSweeney
Attorneys for Defendant
CITICORP INVESTMENT SERVICES

1135297