# EXHIBIT A

From:  To:14082858895  04/04/2007 12:04  #129 P.002/070

**Original**  UCS

File-By-Fax

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITICORP INVESTMENT SERVICES, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NICHOLAS TCHIKOVANI

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CHIEF EXECUTIVE OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA

J. Zenzen

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SANTA CLARA SUPERIOR COURT - Downtown
191 No. First Street, San Jose, CA 95113-1090

CASE NUMBER: 1-07-CV-083202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard A. Jones (SBN 117679), Law Offices of Richard A. Jones - tel: (714) 480-0200 fax: (714) 480-0423
1820 E. 17th Street, Santa Ana, CA 92705

DATE APR 0 4 2007 Kiri Torre  Clerk, by J. Zenzen, Deputy
*(Fecha)* Chief Executive Officer/Clerk *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
LexisNexis® Automated California Judicial Council Forms

From:                           To:                                04/04/2007 12:03  #129 P 002/014

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Richard A. Jones (SBN 117679)<br>Law Offices of Richard A. Jones<br>1820 E. 17th Street, Santa Ana, CA 92705<br>TELEPHONE NO.: 714-480-0200   FAX NO.: 714-480-0423<br>ATTORNEY FOR (Name): | **File By Fax**<br>APR -4 2007<br>CHIEF EXEC. OFFICER/CLERK<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>BY _____ J. Zenzen |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113-1090
BRANCH NAME: Superior Court - Downtown

CASE NAME: TCHIKOVANI v. CITICORP, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 107CV-083202<br>JUDGE:<br>DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [X] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify):

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: APRIL 4, 2007

Richard A. Jones                                          ▶ /s/ Richard A. Jones
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

From:                        04/04/2007 12:08  #129 P.04/044

**Original**                 **File By Fax**

1  RICHARD A. JONES, SBN 117679
   LAW OFFICES OF RICHARD A. JONES
2  1820 E. 17th Street
   Santa Ana, CA 92705
3  Telephone: (714) 480-0200
   Facsimile : (714) 480-0423
4
   Michael A. Gould, Esq.
5  GOULD & ASSOCIATES
   A Professional Law Corporation
6  17822 E. 17th Street, #106
   Tustin, CA 92780
7  Phone (714) 669-2850  Fax (714) 544-0800

8  Attorneys for Plaintiff
   NICHOLAS TCHIKOVANI
9

10
                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
11
                  FOR THE COUNTY OF SANTA CLARA - DOWNTOWN
12

13
   NICHOLAS TCHIKOVANI,                CASE NO **107CV-083202**
14
            Plaintiff,                 COMPLAINT FOR:
15                                     1)  DISCRIMINATION BASED ON
       vs.                                 DISABILITY (CAL. GOV. CODE
16                                         §12900, ET SEQ.);
   CITICORP INVESTMENT SERVICES,       2)  VIOLATION OF LABOR CODE §
17 and DOES 1 through 100, inclusive,      2802;
                                       3)  VIOLATION OF LABOR CODE §
18          Defendants.                    221
                                       4)  UNFAIR BUSINESS PRACTICES
19                                         (VIOLATION OF BUSINESS AND
                                           PROFESSIONS CODE §17200)
20                                     5)  VIOLATION OF THE FAIR
                                           LABOR STANDARDS ACT
21                                         (FLSA 29 U.S.C. § 201)

22

23

24

25

26

27  ///

28  ///

                                    1
                                COMPLAINT

Plaintiff, NICHOLAS TCHIKOVANI ("TCHIKOVANI") alleges as follows:

## GENERAL ALLEGATIONS

1. TCHIKOVANI is, and at all times herein mentioned, an individual residing in the County of San Mateo, State of California.

2. Defendant, CITICORP INVESTMENT SERVICES ("CITICORP") is a corporation authorized to do business in the State of California.

3. At all times herein mentioned, the events and happenings herein referred to occurred in the County of Santa Clara, State of California.

4. TCHIKOVANI is unaware of the true names and capacities of defendants sued herein, as DOES 1 through 100, inclusive, and, therefore, sues said defendants by such fictitious names. TCHIKOVANI will amend this Complaint to allege their true names and capacities when ascertained. TCHIKOVANI is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and were proximately caused by their conduct. TCHIKOVANI is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things herein alleged, was acting in the course and scope of such agency and employment.

5. TCHIKOVANI is informed and believes, and thereupon alleges, that at all times mentioned herein, defendants, and each of them, including DOES 1 through 100, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope and authority of said agency, employment and/or joint venture, and that each and every defendant as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee, and/or joint venturer, and that each defendant individually and/or by and through his officers, directors and/or managing agents, committed the acts alleged herein and/or authorized, ratified, or otherwise approved the acts of the remaining defendants and/or said officers, directors and/or managing agents participated in said acts by the defendants, and each of them.

///

2
COMPLAINT

From:                           To:14082968895         04/0 /2007 12:08    #129 P.006/014

6.  TCHIKOVANI commenced employment with defendant CITICORP in June 2003, wherein he was hired as an Executive Financial Consultant.

7.  TCHIKOVANI was a dedicated, loyal and hardworking Executive Financial Consultant for CITICORP from his initial date of employment in June 2003 up to and including April 26, 2005. TCHIKOVANI performed all of the functions of his job so as to meet and/or exceed the defendant's expectations up until his illness, which resulted in a disability on or about April 14, 2005.

8.  On or about April 14, 2005, plaintiff requested CFRA leave and/or FMLA leave.

9.  On or about April 14, 2005, TCHIKOVANI's doctor indicated plaintiff was "disabled and unable to work."

10. Following TCHIKOVANI's illness/disability on April 14, 2005, the defendant engaged in discriminatory tactics and actions against the TCHIKOVANI with his disability. Defendant CITICORP would not permit TCHIKOVANI to utilize CFRA leave and/or FMLA leave.

11. TCHIKOVANI advised defendant CITICORP of his intentions to return to his employment with defendant CITICORP. TCHIKOVANI's doctor also advised CITICORP of TCHIKOVANI's ability to return to work. Specifically, TCHIKOVANI's physician indicated TCHIKOVANI would return to work.

12. On or about April 26, 2005, TCHIKOVANI was terminated by CITICORP. CITICORP did not take any steps, or make any investigation, to determine whether there was a business need or hardship to the defendant as a result of the TCHIKOVANI being off work. CITICORP did not take any steps or attempt to make any reasonable accommodations to permit TCHIKOVANI to return to his position with the defendant.

///
///
///
///
///

3

COMPLAINT

From:                             To:14082858886        04/04/2007 12:08    #128 P.007/014

### FIRST CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy - As Against Defendant, CITICORP and DOES 1 through 100, Inclusive)

13. TCHIKOVANI realleges as though fully set forth at length and incorporates herein by reference all of the allegations contained in paragraphs 1 through 12 of the General Allegations.

14. At all times relevant herein, and as set forth above, there was a contract of employment between TCHIKOVANI and defendant, CITICORP.

15. It is a public policy of the State of California, and is set forth in the Fair Employment and Housing Act (FEHA), Government Code §§12920 and 12940, et seq., that an employee may not be terminated because of his or her disability. The above-described termination of TCHIKOVANI's employment by CITICORP and DOES 1 through 100, inclusive, constitutes a wrongful discharge in violation of these public policies. As a legal and foreseeable result of the defendants' discriminatory and retaliatory acts, TCHIKOVANI suffered extreme and severe emotional distress, anxiety and humiliation. TCHIKOVANI suffers and will continue to suffer from said severe emotional distress, anxiety and humiliation, which will result in the loss of enjoyment of his life, all to his general damage in a sum not yet ascertained, but subject to proof at trial. TCHIKOVANI will seek leave of court to amend this Complaint when the amount of such damages has been ascertained.

16. TCHIKOVANI is informed and believes, and thereon alleges, that CITICORP was aware of TCHIKOVANI's protected status and/or medical condition and unlawfully terminated TCHIKOVANI on the basis of said protected status and/or medical condition without an attempt to reasonably accommodate TCHIKOVANI.

17. TCHIKOVANI is informed and believes and thereon alleges that defendant, CITICORP took adverse actions and failed to take required steps by law to make reasonable accommodations to TCHIKOVANI as a result of his medical condition and disability. Defendant CITICORP has a pattern and practice of taking adverse action and refusing to make accommodations required under the law for its employees who apply for or receive disability.

C:\M\TCHIKOVANI\Complaint.wpd

4

COMPLAINT

1. Defendant CITICORP's policy and practice requires the immediate dismissal of employees who are entitled to CFRA leave and/or FMLA leave regardless of their ability to return to work in the future.

18. CITICORP has no policy or practice of offering reasonable accommodations as required under the law to its employees with disabilities, nor does it engage in any required dialog with its employees on disability to determine what reasonable accommodations are necessary and proper to facilitate the employee's return to employment. Defendant CITICORP has no policy of investigating whether or employment opportunities exist for the employee which he or she may be qualified. Defendant CITICORP's failure to offer accommodations and to engage in any such dialog with plaintiff TCHIKOVANI was a violation of the law.

19. As a further legal and foreseeable result of the discriminatory, harassing and retaliatory acts of the defendants, and each of them, TCHIKOVANI suffered and continues to suffer substantial losses in earnings and other benefits in his employment, as well as harm to his professional reputation, all to his damage in an amount not yet ascertained, but in excess of the jurisdictional limits of this court, and subject to proof at trial. TCHIKOVANI will seek leave of court to amend this Complaint when the amounts of such damages have been ascertained.

20. As a further legal result of the conduct of the defendants, and each of them, TCHIKOVANI has been forced to retain counsel to represent him. Pursuant to the dictates of Government Code §12965(b), TCHIKOVANI's attorney fees and costs are recoverable. TCHIKOVANI has incurred, and will continue to incur, attorney fees and costs in connection with this matter. TCHIKOVANI is, therefore, entitled to an award of reasonable attorney's fees incurred in the preparation and prosecution of this action, pursuant to Government Code §12965(b).

21. TCHIKOVANI is informed and believes, and thereon alleges, that the acts described herein were committed maliciously, fraudulently, and oppressively, with an improper and evil motive, and in conscious disregard of TCHIKOVANI's rights. Because the acts taken towards TCHIKOVANI were carried out in a despicable, deliberate, and intentional manner, he is entitled to recover punitive damages from CITICORP in an amount according to proof.

1  Further, TCHIKOVANI is informed and believes, and thereon alleges, that the acts described
2  herein were committed and/or authorized by individuals employed by CITICORP acting in a
3  managerial capacity and acting within the course and scope of said managerial employment with
4  CITICORP.

## SECOND CAUSE OF ACTION
(Violation of Labor Code §2802)

7  22.  TCHIKOVANI re-alleges and incorporates by reference each and
8  every allegation contained in paragraphs 1 through 21, inclusive, as though set
9  forth fully herein.

10  23.  TCHIKOVANI is informed and believes, and thereon alleges, that
11  TCHIKOVANI was paid a commission for work as an Executive Financial
12  Consultant. TCHIKOVANI is further informed and believes, and thereon alleges,
13  that CITICORP engaged in an unlawful practice because it required earned
14  commissions to be deducted from Executive Financial Consultants' pay and paid
15  to Sales Associates. CITICORP failed to reimburse TCHIKOVANI for these
16  deductions from his pay. CITICORP failed to indemnify TCHIKOVANI for all
17  losses incurred, thus forcing TCHIKOVANI to pay Sales Associates' wages and/or
18  commissions out of his own wages in violation California Labor Code § 2802.

19  24.  At all times mentioned in this Complaint California Labor Code
20  §2802 was in full force and effect and binding on CITICORP. Said section
21  requires CITICORP to indemnify its employees for all that the employee
22  necessarily expends or loses in direct consequence of the discharge of duties.

23  25.  Notwithstanding the requirements of California Labor Code §2802,
24  TCHIKOVANI was forced by CITICORP to pay part of his earned wages and/or
25  commissions to Sales Associates.

26  26.  TCHIKOVANI is informed and believes, and thereon alleges, that
27  this pay requirement is an improper deduction and that CITICORP violated
28  California Labor Code §2802.

From:   To:14082958895   04/04/2007 12:12   #129 P.010/014

27. TCHIKOVANI is informed and believes, and thereon alleges, that he is entitled to all improper deductions in an amount according to proof at trial.

### THIRD CAUSE OF ACTION

(Violation of Labor Code §221)

28. TCHIKOVANI re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though set forth fully herein.

29. TCHIKOVANI is informed and believes, and thereon alleges, that TCHIKOVANI was paid a commission for work as an Executive Financial Consultant by CITICORP. TCHIKOVANI is further informed and believes, and thereon alleges, that CITICORP engaged in an unlawful practice because it required earned commissions to be deducted from Executive Financial Consultant's pay and paid to Sales Associates. CITICORP failed to reimburse TCHIKOVANI for these deductions from his pay. CITICORP's failure to fully reimburse TCHIKOVANI for these deductions constitutes a violation of California Labor Code § 221.

30. At all times mentioned in this Complaint, California Labor Code §221 was in full force and effect and binding on CITICORP. Said section required CITICORP to indemnify its employees for all that the employee necessarily expends or looses in direct consequence of the discharge of duties.

31. Notwithstanding the requirements of California Labor Code §221, TCHIKOVANI was forced by CITICORP to pay part of his earned wages and/or commissions to Sales Associates.

32. TCHIKOVANI is informed and believes, and thereon alleges, that this pay requirement is an improper deduction and that CITICORP violated California Labor Code §221.

///

///

From:                           To:14082868885         04/04/2007 12:13    #129 P.011/014

33. TCHIKOVANI is informed and believes, and thereon alleges, that they he is entitled to all improper deductions in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
### Unfair Business Practices
### (Business and Professions Code §17200 et. seq.)

34. Plaintiff TCHIKOVANI re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33, inclusive, as though set forth fully herein.

35. At all times herein mentioned, California Business and Professions Code §17200 et. seq. was in full force and effect and binding upon CITICORP. Said sections prohibit Defendants from engaging in unfair practices including, but not limited to, requiring TCHIKOVANI to pay for wages of other CITICORP employees.

36. TCHIKOVANI is informed and believes, and thereon alleges, that CITICORP engaged in unlawful business practices in violation of California Business and Professions Code §17200 et. seq. by requiring TCHIKOVANI to pay wages to other CITICORP employees from his own compensation.

37. As a direct result of the actions of CITICORP as alleged above, TCHIKOVANI is entitled to restitution of deducted commissions and/or wages pursuant to California Business and Professions Code §§17203 and 17208 in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION
### Violation Of The Fair Labor Standards Act
### (FLSA 29 U.S.C. § 201)

38. TCHIKOVANI re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 37, inclusive, as though set forth fully herein.

39. TCHIKOVANI is informed and believes and thereon alleges that CITICORP employs 2 or more employees and is directly engaged in commerce.

40. The Fair Labor Standards Act, 29, U.S.C. §201 et seq. ("FLSA") states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

41. TCHIKOVANI regularly worked more than 40 hours per week but was not paid overtime.

42. TCHIKOVANI was not "exempt" under the FLSA, because, inter alia, he was not paid on a salary basis, and defendant's business does not qualify as a "retail or service establishment" under 29 U.S.C. § 207(i) and 29 C.F.R. §§ 779.316 and 779.317.

43. TCHIKOVANI was not exempt under the FLSA's administrative exemption.

44. TCHIKOVANI was not exempt under the FLSA's professional exemption.

45. TCHIKOVANI was not exempt under the FLSA's executive exemption.

46. TCHIKOVANI was not exempt under the FLSA's outside sales exemption.

47. Defendant has committed an act of unfair competition by not paying the required FLSA overtime pay to TCHIKOVANI.

## PRAYER FOR RELIEF

WHEREFORE, TCHIKOVANI prays for judgment against defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1. For general damages in excess of the jurisdictional limits of this court and to be proven at time of trial.

2. For special damages in excess of the jurisdictional limits of this court and to be

From:                                    To: 14082956895              04/04/2007 12:15      #129 P.013/014

1 | proven at time of trial.

2 | 3. For punitive and/or exemplary damages in an amount appropriate to punish the
3 | defendants and each of them to deter engaging in similar misconduct;

4 | 4. For reasonable attorney's fees as provided for by law.

5 | 5. For costs of suit incurred herein;

6 | 6. For such other and further relief as this court may deem just and proper.

### ON THE SECOND CAUSE OF ACTION

8 | 1. For compensatory damages according to proof for all wages owed for a period
9 | commencing three years prior to the filing of this action through final judgment;

10 | 2. For waiting time penalties under California Labor Code §§201, 202 and 203 for
11 | all class members no longer employed by defendants, as provided for by law;

12 | 3. For interest on all wages owed;

13 | 4. For reasonable attorney fees as provided by law;

### ON THE THIRD CAUSE OF ACTION

15 | 5. For compensatory damages according to proof for all wages owed for a period
16 | commencing three years prior to the filing of this action through final judgment;

17 | 6. For waiting time penalties under California Labor Code §§201, 202 and 203 for
18 | all class members no longer employed by defendant, as provided for by law;

19 | 7. For interest on all wages owed;

20 | 8. For reasonable attorney fees as provided by law;

### ON THE FOURTH CAUSE OF ACTION

22 | 9. For restitution of all unlawfully withheld pay for a period commencing four years
23 | prior to the filing of this action through final judgment;

24 | 10. For reasonable attorney fees as provided by law;

### ON THE FIFTH CAUSE OF ACTION

26 | 11. For compensatory damages according to proof for all wages owed for a period
27 | commencing three years prior to the filing of this action through final judgment;

28 | ///

C:\KTCHIKOVANI\Complaint.wpd

10

COMPLAINT

12. For interest on all wages owed;

13. For reasonable attorney fees as provided by law;

### ALL CAUSES OF ACTION

14. For reasonable attorney's fees and costs as provided for by law;

15. For pre-judgment interest;

16. For costs of suit incurred herein; and,

17. For such further relief as the court deems just and proper.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

DATED: April 3, 2007        LAW OFFICES OF RICHARD A. JONES

                            By /s/ Richard A. Jones
                            RICHARD A. JONES
                            Attorneys for Plaintiff NICHOLAS TCHIKOVANI

C:\TCHIKOVANI\Complaint.wpd

11
COMPLAINT