# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITICORP INVESTMENT SERVICES and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NICHOLAS TCHIKOVANI,

ENDORSED

2007 JUN -1 P 4: 12

KIRI TORRE, ... ...IOR COURT
COUNTY OF ... ... CALIFORNIA
BY ___M. Rosales___

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara Superior Court
191 No. First Street,
San Jose, Ca 95113-1090
Downtown

**CASE NUMBER:**
*(Número del Caso):* 107CV-083202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aarin A. Zeif (SBN 247088)    (714) 669-2850
GOULD AND ASSOCIATES
17822 East 17th Street, Suite 106
Tustin, California 92780

DATE: **JUN 01 2007**    Clerk, by M. Rosales    Kiri Torre Chief Executive Officer/Clerk, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Citicorp Investment Services

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* entity unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

| | |
|---|---|
| 1 | Richard Jones, SBN 117679 |
| | LAW OFFICES OF RICHARD A. JONES |
| 2 | 1820 E. 17th Street |
| | Santa Ana, CA 92705 |
| 3 | Telephone: (714) 480-0200 |
| | Facsimile : (714) 480-0423 |
| 4 | |
| | Michael A. Gould, Esq., SBN 151851 |
| 5 | Aarin A. Zeif, SBN 247088 |
| | GOULD & ASSOCIATES |
| 6 | A Professional Law Corporation |
| | 17822 E. 17th Street, #106 |
| 7 | Tustin, CA 92780 |
| | Phone (714) 669-2850  Fax (714) 544-0800 |
| 8 | |
| | Attorneys for Plaintiff |
| 9 | NICHOLAS TCHIKOVANI |

ENDORSED

2001 JUN -1  P 4: 09

M. Rosales

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA - DOWNTOWN**

NICHOLAS TCHIKOVANI,

    Plaintiff,

vs.

CITICORP INVESTMENT SERVICES, and DOES 1 through 100, inclusive,

    Defendants.

CASE NO.: 107CV-083202

<u>CLASS ACTION</u>

FIRST AMENDED COMPLAINT FOR:

1. **RESTITUTION OF WAGE DEDUCTIONS AND ILLEGAL CHARGEBACKS** (*Business and Professions Code* § 17200 et seq.);

2. **RESTITUTION FOR OVERTIME WAGES** (*Business and Professions Code* § 17200 et seq.);

3. **RESTITUTION FOR OVERTIME WAGES** (*Business and Professions Code* § 17200 et seq.);

4. **FAILURE TO PAY UPON TERMINATION OR QUITTING EMPLOYEE** (*California Labor Code* §§ 201, 202, 203);

5. **RESTITUTION OF WAGES OWNED FOR FAILURE TO PROVIDE PROPER MEAL AND REST PERIODS** (*Business and Professions Code*

---

1

CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES

|  |  |
|---|---|
| ) | § 17200 et seq.); |
| ) | |
| ) | 6. FAILURE TO PROVIDE PROPER ITEMIZED STATEMENT (*California Labor Code* § 226); |
| ) | |
| ) | 7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
| ) | |
| ) | Complaint Filed: April 4, 2007 |
| ) | Unlimited Civil |

## GENERAL ALLEGATIONS

Plaintiff, NICHOLAS TCHIKOVANI (herein after referred to as "TCHIKOVANI"), individually and on behalf of all other persons similarly situated alleges as follows:

1. TCHIKOVANI is a citizen of the State of California. TCHIKOVANI performed the work that is the subject of this Complaint in the County of Santa Clara, State of California.

2. TCHIKOVANI is informed and believes and based on such information alleges that Defendant CITICORP INVESTMENT SERVICES (hereinafter referred to as "CITICORP") is business operating within the jurisdiction of the above-entitled court.

3. TCHIKOVANI is unaware of the true names and capacities of those Defendants sued as Does 1 through 100. TCHIKOVANI will amend this Complaint when those names and capacities become known. On information and beliefs, each of the Defendants, including Doe Defendants, is the agents, employees, representatives, or co-conspirators of each of the other Defendants, and in engaging in the conduct alleged herein, did so in furtherance of such relationship.

4. TCHIKOVANI is informed and believes, and thereon alleges, that CITICORP is a financial institution that sells and markets financial investments to the public. TCHIKOVANI was employed by CITICORP as a Financial Consultant.

5. Venue is proper in this judicial district because CITICORP is a business operating in this judicial district.

//

//

## CLASS ALLEGATIONS

6. Plaintiff brings this action as a class action pursuant to *California Code of Civil Procedure* § 382. The classes that Plaintiff represents are defined as follows:

    a. Class A - All current and former Financial Consultants employed by CITICORP who within the applicable statute of limitations were subject to CITICORP's unlawful wage deductions and chargebacks.

    b. Class B- All current and former Financial Consultants employed by CITICORP who within the applicable statute of limitations worked more that 40 hours in a workweek and failed to receive overtime compensation at a premium rate of pay.

    b. Class C - All current and former Financial Consultants employed by CITICORP who within the applicable statute of limitations worked more that 8 hours in a workday and failed to receive overtime compensation at a premium rate of pay.

    e. Class D – All current and former Financial Consultants employed by CITICORP who within the applicable statute of limitations were not provided proper meal breaks and failed to receive wages of one hour of pay for missed meal breaks.

    f. Class E- All current and former Financial Consultants employed by CITICORP who within the applicable statute of limitations were not provided proper rest breaks and failed to receive wages of one hour of pay for missed rest breaks.

    g. Class F- All former Financial Consultants employed by CITICORP who within the application statute of limitations were not paid all wages due upon termination.

    h. Class G- All current and former Financial Consultants employed by CITICORP who within the applicable statute of limitations failed to receive proper itemized statements.

7. This action has been brought and may properly be maintained as a class action pursuant to the provisions of the *California Code of Civil Procedure* § 382, because there is a well-defined community of interest in the litigation and the proposed class is ascertainable:

    a. <u>Numerosity</u>: The Plaintiff Class is so numerous that the individual joinder

---

3
**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES**

of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes, and thereon alleges, that over 100 current and former Financial Consultants employed by CITICORP have been subject to its failure to pay overtime, unlawful deductions, improper itemized statements, meal and rest period violations, and illegal chargebacks in violation of *California Labor Code* §§ 2802 221, 226.7, 512, 226 and the FLSA.

    b. <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to:

    i. Whether Defendants are subject to *California Labor Code* §§ 2802 and 221;

    ii. Whether Defendants violated *California Labor Code* §§ 2802 and 221;

    iii. Whether Defendants are subject to *California Business & Professions Code* § 17200;

    iv. Whether Defendants violated *California Business & Professions Code* § 17200;

    v. Whether Defendants are subject to the FLSA;

    vi. Whether Defendants violated the FLSA;

    vii. Whether Defendants are subject to *California Labor Code* §§ 512, and 226.7, and *IWC Wage Orders*;

    viii. Whether Defendants violated *California Labor Code* §§ 512, and 226.7, and *IWC Wage Orders*;

    ix. Whether Defendants are subject to *California Labor Code* § 226;

    x. Whether Defendants violated *California Labor Code* § 226;

xi. Whether class members and TCHIKOVANI previously worked or currently work for TCHIKOVANI as Financial Consultants during the period within the applicable Statue of Limitation;

xii. Whether class members and TCHIKOVANI had earnings deducted unlawfully by CITICORP;

xiii. Whether the class members and TCHIKOVANI qualify for exempt status under Federal Law;

xiv. The number of hours per week and per day TCHIKOVANI and class members are expected to work;

xv. Whether TCHIKOVANI and class members worked more than 40 hours in one workweek;

xvi. Defendants' expectations as to the duties and responsibilities of the class members, and whether these expectations are reasonable under the circumstances;

xvii. Defendants' policies and procedures for deducting from the commissions or other wages of class members;

xviii. Whether Defendants unlawfully deducted the earnings of TCHIKOVANI and other Financial Consultants to pay for Financial Assistants' wages.

c. <u>Typicality</u>: TCHIKOVANI's claims are typical of the claims of the class members. Plaintiff and the members of the class sustained damages arising out of Defendants' common practice of illegal wage deductions, chargebacks, and failure to pay overtime. TCHIKOVANI and the class members' claims are based on the same legal theories, particularly *California Labor Code* §§ 2802, 221, 226.7, 1194, 226.7, 226, 203, 512, the FLSA, and *California Business and Professions Code* § 17200.

d. <u>Adequacy</u>: TCHIKOVANI will fairly and adequately protect the interests of the members of the class. Plaintiff has no interest that is adverse to the interests of the other class members.

e.  <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical; class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of the adjudication of such individual litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

f.  <u>Public Policy Consideration</u>: Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references. Class actions provide the class members who are not named on the Complaint with a type of anonymity that allows for vindication of their rights.

**FIRST CAUSE OF ACTION**
(Restitution for Violation of *California Labor Code* §§ 221 and 2802)
(Class Claim)

8.  TCHIKOVANI and other similarly situated class members re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 7, inclusive, as though set forth fully herein.

9.  At all times mentioned in this Complaint *California Labor Code* §§ 221 and 2802, and *Business and Professions Code* § 17200 *et seq.* were in full force and effect and binding on CITICORP. *California Labor Code* § 2802 requires CITICORP to indemnify its employees for all that the employee necessarily expends or loses in direct consequence of the discharge of duties. *California Labor Code* § 221 makes it unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said

---
6
**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES**

employee.

10. Notwithstanding the requirements of *California Labor Code* §§ 221 and 2802, TCHIKOVANI and other class plaintiffs also were subject to unlawful deductions, including but not limited to, deduction of compensation for wages paid to Financial Assistants.

11. TCHIKOVANI and other similarly situated class members are informed and believe, and thereon allege, that CITICORP's wage practices constitute illegal chargebacks and deductions, which is a violated *California Labor Code* §§ 221 and 2802.

12. TCHIKOVANI and other similarly situated class members seek restitution of all unlawful chargebacks and unlawfully deductions under *California Business and Professions Code* § 17203 in an amount according to proof at trial.

### SECOND CAUSE OF ACTION
### Failure to Pay Overtime
(Restitution for Violation Of The Fair Labor Standards Act (FLSA 29 U.S.C. § 201)
(Class Claim)

13. TCHIKOVANI and other similarly situated class members re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 12, inclusive, as though set forth fully herein.

14. TCHIKOVANI is informed and believes and thereon alleges that CITICORP employs 2 or more employees and is directly engaged in commerce.

15. The *Fair Labor Standards Act, 29, U.S.C. § 201 et seq.* ("FLSA") states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

16. TCHIKOVANI and similarly situated class members regularly worked more than 40 hours per week but failed to receive overtime at a rate of 1.5 times their regular rate of pay.

17. TCHIKOVANI and other similarly situated class members seek restitution under California *Business and Professions Code* § 17200 et seq. for all unpaid overtime wages for TCHIKOVANI and class members that worked over forty hours per week without overtime in violation of the FLSA in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**
Failure to Pay Overtime Wages
(Restitution for Violation of *California Labor Code* §§ 1194 and 510(a), *California Code of Regulations* §11040)
(Class Claim)

18. TCHIKOVANI and other similarly situated class members re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 17, inclusive, as though set forth fully herein.

19. TCHIKOVANI is informed and believes, and thereon alleges, that at all times relevant to his employment by CITICORP *California Labor Code §§ 510(a), 1194*, the *IWC Wage Orders (Code of Regulations § 11040)*, and *California Business and Professions Code §* 17200 et seq. were in full force and effect and binding upon Defendants. These statutes and wage orders required Defendants to pay TCHIKOVANI and other class members one-and-one-half times their regular rate of pay for each hour of work performed in excess of eight (8) hours in one workday.

20. TCHIKOVANI and other similarly situated class members are informed and believe, and thereon allege, that during the course of his employment, they often worked in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek and were not paid at a rate of one and one-half times their regular rate of pay.

21. TCHIKOVANI and other similarly situated class members are informed and believe, and thereon allege, that despite the requirements of *California Labor Code §§ 510(a), 1194* and the *IWC Wage Orders*, CITICORP failed and refused to pay the required overtime wage premiums for overtime worked.

22. TCHIKOVANI and other similarly situated class members seek restitution under California *Business and Professions Code* § 17200 et seq. for all unpaid overtime wages for TCHIKOVANI and class members that worked over forty hours per week without overtime in violation of *California Labor Code* § 510, and *IWC Wage Orders* in an amount according to proof at trial, including prejudgment interest, attorney's fees and costs pursuant to *California Labor Code* § 1194.

### FOURTH CAUSE OF ACTION
### Failure to Pay Terminated or Quitting Employee
### (Violation of *Cal. Labor Code* §§ 201, 202, and 203)
### (Class Claim)

23.     TCHIKOVANI and other similarly situated class members re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 22, inclusive, as though set forth fully herein.

24.     At all times mentioned in this Complaint *California Labor Code* §§ 201, 202, and 203 were in full force and effect and binding on CITICORP. Said sections require an employer to pay all unpaid and earned wages to an employee immediately upon discharge.

25.     TCHIKOVANI is informed and believes, and thereon alleges, that CITICORP refused and/or willfully failed to pay all wages owed to Plaintiff and class members at the time of discharge.

26.     As a result of CITICORP's violation of *California Labor Code* §§ 201, 202 and 203, Plaintiff and class members are entitled to penalties under *California Labor Code* § 203, which provides that upon violation of *California Labor Code* § 201, " the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but such wages shall not continue for more than 30 days."

### FIFTH CAUSE OF ACTION
### Failure to Provide Meal and Rest Periods
### (Violation of *California Labor Code* § 226.7 and 512)
### (Class Claim)

27.     TCHIKOVANI and other similarly situated class members re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though set forth fully herein.

28.     TCHIKOVANI and similarly situated class members are informed and believe, and thereon allege that *California Labor Code* §§ 512, 226.7 and *Business and Professions Code* § 17200 *et seq.* were in full force and effect and binding on Defendants during all times mentioned in this Complaint. Said sections requires employers to comply with all *Industrial Welfare Commission Wage Orders* governing meal and rest periods.

29.     TCHIKOVANI and similarly situated are informed and believe, and thereon

---
9
**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES**

allege, that the *IWC Wage Orders* were in full force and effect and govern when employers, including Defendant CITICORP, must give employee breaks for meal and rest periods. *The Wage Orders* state in pertinent part that employers must provide at least thirty minutes of meal periods for every eight hours of work and another thirty-minute period if the work period is ten hours or more. Furthermore, *the IWC Wage Orders* state in pertinent part that employees must be given at least a ten minute rest period for every four (4) hours or major fraction thereof.

30. TCHIKOVANI and similarly situated class members worked for Defendant CITICORP and were often required to work through meal break and rest periods to perform and complete his tasks for Defendants. TCHIKOVANI and class members were not allowed meal breaks or rest periods in violation of *IWC Wage Orders* and *California Labor Code §§ 226.7 and 512*.

31. TCHIKOVANI and other similarly situated class members seek restitution under *California Business and Professions Code § 17203* of all wages pursuant to the *The Wage Orders* and the *California Labor Code*, which mandate that Defendant CITICORP must pay TCHIKOVANI and class members one hour of pay at each employees' regular rate of pay for every missed meal and rest period at an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
**Failure to Provide Itemized Statement to Employee**
(Violation of *California Labor Code* § 226)
(Class Claim)

32. TCHIKOVANI and other similarly situated class members re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though set forth fully herein.

33. TCHIKOVANI and similarly situated class members are informed and believe, and thereon allege, that Defendants are required by law to provide a proper itemized statement to TCHIKOVANI and class members under *California Labor Code* § 226. Said section requires employers to give an itemized statement to an employee at every pay period which includes gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for

1  which the period was paid, employee's name and social security number, name and address of
2  employer, and all applicable hourly rates.

3  34. At all times mentioned in this Complaint *California Labor Code* § 226 was in full
4  force and effect and binding on CITICORP.

5  35. Notwithstanding the requirements of *California Labor Code* § 226,
6  TCHIKOVANI and class members received improper and false paychecks in violation of
7  *California Labor Code* § 226.

8  36. TCHIKOVANI and class members are informed and believe, and thereon allege,
9  that they are entitled to penalties for failure to maintain and provide itemized statements of
10 employees pay, a violation of *California Labor Code* § 226, in an amount according to proof at
11 trial.

### SEVENTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)
### (Individual Claim)

14 33. TCHIKOVANI re-alleges and incorporates by reference each and every allegation
15 contained in paragraphs 1 through 32, inclusive, as though set forth fully herein.

16 34. TCHIKOVANI is informed and believes and thereon alleges that he was a
17 dedicated, loyal and hardworking Executive Financial Consultant for CITICORP from his initial
18 date of employment in June 2003 up to and including April 26, 2005. TCHIKOVANI performed
19 all of the functions of his job so as to meet and/or exceed the defendant's expectations up until
20 his illness, which resulted in a disability on or about April 14, 2005.

21 35. On or about April 14, 2005, plaintiff requested CFRA leave and/or FMLA leave.
22 On or about April 14, 2005, TCHIKOVANI's doctor indicated plaintiff was "disabled and unable
23 to work."

24 36. Following TCHIKOVANI's disability on April 14, 2005, the defendant engaged
25 in discriminatory tactics and actions against the TCHIKOVANI with his disability. Defendant
26 CITICORP would not permit TCHIKOVANI to utilize CFRA leave and/or FMLA leave.

27 37. TCHIKOVANI advised defendant CITICORP of his intentions to return to his
28 employment with defendant CITICORP. TCHIKOVANI's doctor also advised CITICORP of

---
11
**CLASS ACTION FIRST AMENDED COMPLAINT FOR DAMAGES**

TCHIKOVANI's ability to return to work. Specifically, TCHIKOVANI's physician indicated TCHIKOVANI would return to work.

38. On or about April 26, 2005, TCHIKOVANI was terminated by CITICORP. CITICORP did not take any steps, or make any investigation, to determine whether there was a business need or hardship to the defendant as a result of the TCHIKOVANI being off work. CITICORP did not take any steps or attempt to make any reasonable accommodations to permit TCHIKOVANI to return to his position with the defendant.

39. The public policy of the State of California, as expressed by the Legislature, the California Constitution, and the California Supreme Court, is to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination. (See Fair Employment and Housing Act (FEHA), *Government Code* §§12920 and 12940, *et seq.*).

40. The above-described termination of TCHIKOVANI's employment by CITICORP and DOES 1 through 100, inclusive, constitutes a wrongful discharge in violation of these public policies. As a legal and foreseeable result of the defendants' discriminatory and retaliatory acts, TCHIKOVANI suffered extreme and severe emotional distress, anxiety and humiliation. TCHIKOVANI suffers and will continue to suffer from said severe emotional distress, anxiety and humiliation, which will result in the loss of enjoyment of his life, all to his general damage in a sum not yet ascertained, but subject to proof at trial. TCHIKOVANI will seek leave of court to amend this Complaint when the amount of such damages has been ascertained.

41. TCHIKOVANI is informed and believes, and thereon alleges, that CITICORP was aware of TCHIKOVANI's protected status and/or medical condition and unlawfully terminated TCHIKOVANI on the basis of said protected status and/or medical condition without an attempt to reasonably accommodate TCHIKOVANI.

42. TCHIKOVANI is informed and believes and thereon alleges that defendant, CITICORP took adverse actions and failed to take required steps by law to make reasonable accommodations to TCHIKOVANI as a result of his medical condition and disability.

43. Defendant CITICORP has a pattern and practice of taking adverse action and refusing to make accommodations required under the law for its employees who apply for or receive disability. Defendant CITICORP's policy and practice requires the immediate dismissal of employees who are entitled to CFRA leave and/or FMLA leave regardless of their ability to return to work in the future.

43. CITICORP has no policy or practice of offering reasonable accommodations as required under the law to its employees with disabilities, nor does it engage in any required dialog with its employees on disability to determine what reasonable accommodations are necessary and proper to facilitate the employee's return to employment. Defendant CITICORP has no policy of investigating whether or employment opportunities exist for the employee which he or she may be qualified. Defendant CITICORP's failure to offer accommodations and to engage in any such dialog with plaintiff TCHIKOVANI was a violation of the law.

44. As a further legal and foreseeable result of the discriminatory, harassing and retaliatory acts of the defendants, and each of them, TCHIKOVANI suffered and continues to suffer substantial losses in earnings and other benefits in his employment, as well as harm to his professional reputation, all to his damage in an amount not yet ascertained, but in excess of the jurisdictional limits of this court, and subject to proof at trial. TCHIKOVANI will seek leave of court to amend this Complaint when the amounts of such damages have been ascertained.

45. TCHIKOVANI is informed and believes, and thereon alleges, that the acts described herein were committed maliciously, fraudulently, and oppressively, with an improper and evil motive, and in conscious disregard of TCHIKOVANI's rights. Because the acts taken towards TCHIKOVANI were carried out in a despicable, deliberate, and intentional manner, he is entitled to recover punitive damages from CITICORP in an amount according to proof. Further, TCHIKOVANI is informed and believes, and thereon alleges, that the acts described herein were committed and/or authorized by individuals employed by CITICORP acting in a managerial capacity and acting within the course and scope of said managerial employment with CITICORP.

# PRAYER FOR RELIEF

WHEREFORE, TCHIKOVANI on his own behalf, and on behalf of other members of the general public similarly situated, prays for judgment against defendants as follows:

## ON THE FIRST CAUSE OF ACTION

1. For compensatory damages according to proof for all wages owed;
2. For waiting time penalties under *California Labor Code* §§ 201, 202 and 203 for all class members no longer employed by defendants, as provided for by law;
3. For interest on all wages owed;
4. For reasonable attorney fees as provided by law;

## ON THE SECOND CAUSE OF ACTION

5. For restitution of all unlawfully withheld overtime wages for a period commencing four years prior to the filing of this action through final judgment;
6. For all interest on wages owed;
7. For reasonable attorney fees and costs as provided by law;

## ON THE THIRD CAUSE OF ACTION

8. For restitution of all unlawfully withheld overtime wages for a period commencing four years prior to the filing of this action through final judgment;
9. Judgment against Defendants for all penalties provided in *California Labor Code* § 558;
10. Judgment against Defendants for pre-judgment interest, according to proof;
11. Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 1194 according to proof;
12. Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff according to proof;

## ON THE FOURTH CAUSE OF ACTION

13. For waiting time penalties under *California Labor Code §§ 201, 202 and 203*;

## ON THE FIFTH CAUSE OF ACTION

14. For waiting time penalties under *California Labor Code §§ 201, 202 and 203*;

15. For reasonable attorney's fees as provided by law;

16. Judgment against Defendants for one hour of pay at each of the employees' regular rate of compensation for each meal period and/or rest break that was not provided according to *California Labor Code §§ 512, 226.7* and *IWC Wage Orders*;

17. For interest on all wages owed;

18. For all reasonable attorneys fees and costs recoverable by law;

### ON THE SIXTH CAUSE OF ACTION

20. Judgment against Defendants for penalties under *California Labor Code § 226* against Defendants for each violation;

### ON THE SEVENTH CAUSE OF ACTION

21. Judgment against Defendants for general damages according to proof;

22. Judgment against Defendants for special damages according to proof;

23. Judgment against Defendants for punitive damages according to proof;

### ALL CAUSES OF ACTION

24. For reasonable attorney's fees and costs as provided for by law;

25. For pre-judgment interest as provided by law;

26. For costs of suit incurred herein as provided by law; and,

27. For such further relief as the court deems just and proper.

Dated: May 29, 2007

*/s/ Aarin A. Zeif*
Aarin A. Zeif
GOULD & ASSOCIATES
A Professional Law Corporation
Attorney for Plaintiffs TCHIKOVANI
and all other members of the general public
similarly situated