# EXHIBIT C

Case 5:07-cv-03560-JF    Document 1-4    Filed 07/10/2007    Page 1 of 16

FRAMROZE M. VIRJEE (S.B. #120401)
DAVID L. HERRON (S.B. #158881)
ADAM P. KOHSWEENEY (S.B. #229983)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430.6000
Facsimile: (213) 430.6407

CHRIS A. HOLLINGER (S.B. #147637)
CHRISTOPHER T. SCANLAN (S.B. #211724)
O'MELVENY & MYERS LLP
275 Battery Street, 26th Floor
San Francisco, CA 94111-3344
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant
Citicorp Investment Services

ENDORSED

2007 JUL -9 P 2: 24

[stamp]

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| NICHOLAS TCHIKOVANI,<br><br>Plaintiff,<br><br>v.<br><br>CITICORP INVESTMENT SERVICES; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 107CV-083202<br><br>**DEFENDANT CITICORP INVESTMENT SERVICES' ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** |

Defendant Citicorp Investment Services, which was merged with and into Citigroup Global Markets Inc. on May 31, 2007 ("CIS" or "Defendant"), for itself alone and for no other defendant, answers the unverified First Amended Complaint herein (the "Complaint") as follows:

Pursuant to California Civil Procedure Code § 431.30, CIS denies each and every, all and singular, allegations of the Complaint, and also denies that plaintiff

Nicholas Tchikovani ("Plaintiff"), or any member of any purported class defined in the Complaint, was damaged in the sum or sums alleged or in any sum at all. CIS also denies that any of the claims alleged by Plaintiff in the Complaint properly may be adjudicated on a class-action basis.

AS AND FOR ITS AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION PURPORTED TO BE SET FORTH AGAINST IT BY PLAINTIFF ON HIS OWN BEHALF, AND ON BEHALF OF THE PUTATIVE MEMBERS OF THE PURPORTED CLASS DEFINED IN THE COMPLAINT, CIS ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE
#### Arbitration

Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, may not be litigated in court because those claims are subject to mandatory, final and binding arbitration. Accordingly, this Court lacks jurisdiction over this action.

### SECOND AFFIRMATIVE DEFENSE
#### Failure to State a Cause of Action

Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, fail to state facts sufficient to constitute a cause of action.

### THIRD AFFIRMATIVE DEFENSE
#### Statute of Limitations

Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, are barred in whole or in part by the applicable statutes of limitations, including without limitation, the statute of limitations for claims under California Business & Professions Code § 17208, California Civil Procedure Code §§ 335.1, 338 and 340, and 29 U.S.C. § 207.

1

## FOURTH AFFIRMATIVE DEFENSE

### No Class Action

Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, cannot and should not be maintained on a class-action basis because those claims, and each of them, fail to meet the necessary requirements for class certification including, *inter alia*, typicality, commonality, numerosity, superiority, and adequacy of the class representative.

## FIFTH AFFIRMATIVE DEFENSE

### Unconstitutional Class Action

Under the circumstances of this case, certification of a class action would violate CIS' rights under the United States Constitution and the California Constitution.

## SIXTH AFFIRMATIVE DEFENSE

### No Standing

Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, are barred in whole or in part because Plaintiff lacks standing.

## SEVENTH AFFIRMATIVE DEFENSE

### Overtime Exemption

Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, are barred because Plaintiff and the putative class members were at all relevant times exempt from the overtime pay requirements of federal and California law pursuant to the overtime exemptions for, *inter alia*, "white collar" and/or commissioned sales employees, and in any event neither Plaintiff nor putative members of the purported class worked overtime hours during the relevant time period.

## EIGHTH AFFIRMATIVE DEFENSE

### Authorized Deductions

Plaintiff's first cause of action, brought on behalf of himself and the putative members of the purported class defined in the Complaint, is barred in whole or in part because the alleged fines and/or deductions at issue were authorized in writing or otherwise by the employee(s) in question, and did not amount to a rebate or deduction from the standard wage under a wage agreement or statute within the meaning of California law, and/or the alleged deductions were otherwise authorized by the California Labor Code, the California Industrial Welfare Commission's Wage Orders, or other applicable California law.

## NINTH AFFIRMATIVE DEFENSE

### No Prohibition on Meal/Rest Periods

Plaintiff's fifth cause of action, brought on behalf of himself and the putative members of the purported class defined in the Complaint, is barred in whole or in part because Plaintiff and the putative class members, or some of them, were free at any time to take meal and rest breaks.

## TENTH AFFIRMATIVE DEFENSE

### No Deductions

Plaintiff's first cause of action, brought on behalf of himself and the putative members of the purported class defined in the Complaint, are barred in whole or in part because the "deductions" alleged were part of potential commission calculations made prior to payment of wages and, therefore, did not constitute deductions from wages.

## ELEVENTH AFFIRMATIVE DEFENSE

### Voluntary and/or Unnecessary Expenditures

Plaintiff's first cause of action, brought on behalf of himself and the putative members of the purported class defined in the Complaint, is barred in whole or in part because the challenged expenditures were voluntary and/or not necessary to the fulfillment of the job duties of Plaintiff and/or the putative class members.

## TWELFTH AFFIRMATIVE DEFENSE

### Preemption

Plaintiff's second and third causes of action, brought on behalf of himself and the putative members of the purported class defined in the Complaint, is pre-empted by the federal Fair Labor Standards Act ("FLSA") in that the application of California law to an alleged violation of the FLSA would impermissibly frustrate and undermine the remedial framework adopted by Congress for alleged violations of the FLSA, because: (i) Congress has mandated an opt-in collective action procedure for claims under the FLSA, whereas Plaintiff seeks to litigate his second and third causes of action as an opt-out class action pursuant to the California Civil Procedure Code; and (ii) Congress has prescribed a two-year statute of limitations for violation of the FLSA, whereas Plaintiff seeks to apply a four-year statute of limitations under the California Business and Professions Code §§ 17200 *et seq*.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Res Judicata

Plaintiff's causes of action, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, are barred, in whole or in part, by the doctrine of *res judicata* to the extent that claims of members of the putative class have been adjudicated in prior proceedings.

## FOURTEENTH AFFIRMATIVE DEFENSE

### At-Will Employment

Plaintiff's employment was terminable at the will of either Plaintiff or Defendant under California Labor Code § 2922.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Failure To Mitigate Damages

If Defendant did breach an employment contract or any covenant with Plaintiff or wrongfully terminated, although that is not admitted hereby or herein, Plaintiff had a duty to mitigate damages by promptly seeking similar employment elsewhere. By the exercise of reasonable effort, Plaintiff could have obtained alternate employment of substantially similar character promptly following the alleged breach by Defendant, but Plaintiff failed and refused to exercise such effort and refused to accept such employment elsewhere.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Failure To Mitigate Medical Damages

If Defendant did subject Plaintiff to any wrongful or unlawful conduct resulting in mental, physical or emotional harm, although that is not admitted hereby or herein, Plaintiff had a duty to mitigate any damages Plaintiff may have suffered by promptly seeking medical and psychological treatment, but Plaintiff failed to do so.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Contributory Negligence

If Plaintiff was entitled to recover for any loss suffered or sustained at the time alleged, although that is not admitted hereby or herein, then the total amount of damage to which Plaintiff otherwise would be entitled must be reduced in proportion to the amount of negligence attributable to Plaintiff, or any other putative member of the purported class defined in the Complaint, that directly and proximately contributed to Plaintiff's alleged loss or damage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Assumption of Risk

If Plaintiff suffered or sustained any loss, damage or injury alleged, although that is not admitted hereby or herein, that loss, damage or injury was the direct and proximate result of the risk, if there was any risk, knowingly assumed by Plaintiff, or

the respective putative member of the purported class defined in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

Failure To Perform

If Plaintiff was employed by Defendant pursuant to an employment contract, although that is not admitted hereby or herein, any failure of Defendant to perform the conditions of the contract resulted from Plaintiff's failure to perform, and such performance by Plaintiff was a condition precedent to or concurrent with performance by Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Breach

If Plaintiff was employed by Defendant pursuant to an employment contract, although that is not admitted hereby or herein, any failure of Defendant to perform the conditions of the contract was excused by Plaintiff's breach of the terms and conditions of that contract.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Workers' Compensation Exclusivity

Plaintiff's causes of action for and allegations of physical, mental or emotional distress, and each of them, are barred by California Labor Code §§ 3600 *et seq.*, which provide that workers' compensation is Plaintiff's exclusive remedy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Good Faith Investigation/Termination

At the time Defendant made the decision to terminate Plaintiff's employment, Defendant, acting in good faith and after an investigation that was appropriate under the circumstances, had reasonable grounds for believing Plaintiff had committed wrongful or inappropriate acts that caused Defendant to terminate Plaintiff's employment with Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### Good Faith Termination

Plaintiff's causes of action, and each of them, are barred, in whole or in part, because all acts of Defendant affecting the terms and/or conditions of Plaintiff's employment were job-related, done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### No Disability

The Complaint, and each and every cause of action attempted to be alleged therein related to alleged disability discrimination, is barred in whole or in part because Plaintiff is not "disabled" under the provisions of the California Fair Employment and Housing Act or pertinent case authority.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Inability To Perform Essential Job Functions

The Complaint, and each and every cause of action attempted to be alleged therein related to alleged disability discrimination, is barred in whole or in part because Plaintiff could not perform the essential functions of his position, with or without reasonable accommodation and/or in a manner that would not pose a significant risk and/or threat to Plaintiff's own health or safety, or the health or safety of others.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Undue Hardship

The Complaint, and each and every cause of action attempted to be alleged therein related to alleged disability discrimination, is barred in whole or in part because no reasonable accommodation could have been made for the claimed disabilities of Plaintiff without imposing an undue hardship on Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### Plaintiff's Failure To Engage In Interactive Process

The Complaint, and each and every cause of action attempted to be alleged therein related to alleged disability discrimination, is barred in whole or in part because Plaintiff failed to engage in a good faith interactive process with Defendant regarding reasonable accommodations or otherwise.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### Bona-Fide Occupational Qualification

The Complaint, and each and every cause of action attempted to be alleged therein related to alleged disability discrimination, is barred in whole or in part because Defendant's actions concerning Plaintiff were pursuant to a bona-fide occupational qualification.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### No Causation In Fact

Plaintiff's seventh cause of action is barred in whole or in part because the acts of Defendant were not the cause in fact of any harm allegedly suffered by Plaintiff.

### THIRTIETH AFFIRMATIVE DEFENSE
#### No Proximate Causation

Plaintiff's seventh cause of action is barred in whole or in part because the acts of Defendant were not the proximate cause of any harm allegedly suffered by Plaintiff.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
#### No Violation of Public Policy

Plaintiff's causes of action, and each of them, brought on behalf of himself or the putative members of the purported class defined in the Complaint, are barred in whole or in part because the alleged actions were for legitimate business reasons and were not based on a violation of public policy or other factors protected by law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### Unconstitutional Remedy

Any finding of liability under Plaintiff's first, second, third, and/or fifth causes of action, brought on behalf of himself and the putative members of the purported class defined in the Complaint pursuant to the California Business & Professions Code, would violate the Due Process Clauses of the United States and California Constitutions because, *inter alia*, the standards of liability under the Business & Professions Code are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### Excessive Fines

Any award of restitution under Plaintiff's first, second, third, and/or fifth causes of action, brought on behalf of himself and the putative members of the purported class defined in the Complaint pursuant to the California Business & Professions Code, would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### Estoppel

Plaintiff's claims, brought on behalf of himself and the putative members of the purported class defined in the Complaint, or some of them, are barred in whole or in part because Plaintiff and the putative class members are estopped by their own conduct to claim any right to damages or other monetary relief from CIS.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### Unclean Hands

Plaintiff's claims, brought on behalf of himself and the putative members of the purported class defined in the Complaint, or some of them, are barred in whole or in part by Plaintiff's and the putative class members' unclean hands and/or inequitable or wrongful conduct.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### Laches

Injunctive relief is barred because Plaintiff's claims, brought on behalf of himself and the putative members of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### Adequate Remedy at Law

Injunctive relief is barred because Plaintiff and the putative members of the purported class defined in the Complaint have an adequate remedy at law and/or other requirements for granting injunctive relief cannot be satisfied.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### Conduct Reasonable And In Good Faith/Not Willful

Plaintiff's claims, brought on behalf of himself and the putative members of the purported class defined in the Complaint, or some of them, are barred in whole or in part because CIS has at all times acted in good faith, in conformity with and in reliance on statute, common law and the written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of governmental agencies, and on the basis of a good-faith and reasonable belief that it had complied fully with applicable wage and hour laws.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### Waiver

Plaintiff's claims, brought on behalf of himself and the putative members of the purported class defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

## FORTIETH AFFIRMATIVE DEFENSE

### Accord and Satisfaction, Payment

Plaintiff's claims, brought on behalf of himself and the putative members of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### Release

Plaintiff's claims, brought on behalf of himself and the putative members of the purported class defined in the Complaint, or some of them, are barred in whole or in part because those claims have been released by the employee(s) in question.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### Setoff and Recoupment

If any damages have been sustained by Plaintiff, or by any putative members of the purported class defined in the Complaint, although such is not admitted hereby or herein and is specifically denied, CIS is entitled under the equitable doctrine of setoff and recoupment to offset all obligations owed by the Plaintiff or putative class members to CIS against any judgment that may be entered against CIS.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### No Punitive Damages

Plaintiff's causes of action, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, fail to state facts sufficient to constitute a claim or prayer for punitive damages.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### After-Acquired Evidence Doctrine

Any claim or prayer by Plaintiff, brought on behalf of himself or the putative members of the purported class defined in the Complaint, for damages fails, in whole or in part, by virtue of the after-acquired evidence doctrine.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### Invalid Regulations

The regulations and/or administrative interpretations, which form the basis of some or all of Plaintiff's claims brought on behalf of himself and the putative members of the purported class defined in the Complaint, including, without limitation, 29 C.F.R. §§ 779.316 and 779.317, are invalid.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### Frivolous Claims

Plaintiff's causes of action, and each of them, brought on behalf of himself or the putative members of the purported class defined in the Complaint, are "frivolous, unreasonable, or groundless" within the meaning of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), and *Cummings v. Benco Building Services*, 11 Cal. App. 4th 1383 (1992), and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### Attorneys' Fees

Defendant is entitled to recover all costs and attorneys' fees incurred herein under California Civil Procedure Code § 128.7.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### No Jury Trial

Plaintiff is not entitled to have equitable issues or matters of law tried to a jury, and Plaintiff's demand for a jury trial should be so limited.

1       WHEREFORE, Defendant Citicorp Investment Services prays as follows:

2       1.    That the Complaint and each cause of action therein be dismissed with prejudice;

      2.    That Plaintiff's requests for damages, remedies, fees, costs, and other relief be denied in their entirety, and that Plaintiff take nothing by way of the Complaint;

      3.    That CIS be awarded its costs of suit, disbursements, and attorney's fees herein; and

      4.    That the Court order such other and further relief for CIS as the Court may deem just and proper.

Dated: July 9, 2007.

O'MELVENY & MYERS LLP
FRAMROZE M. VIRJEE
DAVID L. HERRON
CHRIS A. HOLLINGER
ADAM P. KOHSWEENEY
CHRISTOPHER T. SCANLAN

By: *Adam P. KohSweeney*
Adam P. KohSweeney
Attorneys for Defendant
Citicorp Investment Services

1134927

## PROOF OF SERVICE BY MAIL

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is Embarcadero Center West, 275 Battery Street, San Francisco, California 94111-3344. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On July 9, 2007 I served the following:

**DEFENDANT CITICORP INVESTMENT SERVICES' ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid, and placing the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

Richard Jones, Esq.
Law Offices of Richard A. Jones
1820 E. 17th Street
Santa Ana, CA 92705

Michael A. Gould, Esq.
Aarin A. Zeif, Esq.
Gould & Associates
A Professional Law Corporation
17822 E. 17th Street, Suite 106
Tustin, CA 92780

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 9, 2007, at San Francisco, California.

_____
Maggie T. Vuong