FRAMROZE M. VIRJEE (S.B. #120401)
DAVID L. HERRON (S.B. #158881)
ADAM P. KOHSWEENEY (S.B. #229983)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

CHRIS A. HOLLINGER (S.B. #147637)
CHRISTOPHER T. SCANLAN (S.B. #211724)
O'MELVENY & MYERS LLP
275 Battery Street, 26th Floor
San Francisco, CA 94111-3306
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

Attorneys for Defendant
Citicorp Investment Services

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS TCHIKOVANI,<br><br>  Plaintiff,<br><br>  v.<br><br>CITICORP INVESTMENT SERVICES, and Does 1 through 100,<br><br>  Defendants. | Case No. C07-03560 JF<br><br>**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING PURSUANT TO CIV. L. R. 3-13** |

Pursuant to Civil Local Rule 3-13 of this Court, defendant Citicorp Investment Services ("CIS") submits this Notice of Pendency of Other Action or Proceeding. CIS hereby gives notice of the pendency of the following action in the Central District of California that involve the same subject matter and the same defendant as the above-captioned action: <u>Throne v. Citicorp Investment Services, Inc., et al.</u>, Case No. CV 07-113-ABC (RZx) (C.D. Ca.) (the "Throne Action").[1]

---

[1] This case had been previously captioned as <u>Denise Padovani v. Citicorp Investment Services, Inc., et al.</u>, bearing the same case number and assignment.

**1.    Description Of The Actions.**

The instant action (the "Tchikovani Action") and the Throne Action are both wage and hours class actions filed against CIS. Each of the operative complaints allege that CIS: (1) violated the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (2) violated California overtime laws, California Labor Code §§ 510 and 1194; (3) failed to pay earned wages at the time of discharge or resignation in violation of California Labor Code §§ 201, 202 and 203; (4) failed to provide meal and rest periods in violation of California Labor Code § 226.7, and applicable California Wage Orders; (5) failed to provide itemized statements in violation of California Labor Code § 226; (6) unlawfully charged back commissions and passed on the cost of doing business in violation of California Labor Code §§ 221 and 2802; and (7) violated California Business & Professions code §§ 17200 *et seq*. The putative class or sub-classes in each action are comprised primarily of current and former securities brokers or "stock brokers" employed by CIS. The only cause of action that is not common among the two cases is the claim for Wrongful Termination in Violation of Public Policy alleged in the Tchikovani Action on an individual basis – in other words, of the seven causes of action that are articulated in the Tchikovani Action, six of them entirely duplicate the causes of action in the Throne Action. Additionally, all of these six duplicative claims are class claims, whereas the one non-overlapping claim is the only individual claim.

**2.    Titles And Case Numbers Of The Actions.**

The Throne Action is entitled <u>Throne v. Citicorp Investment Services, Inc., et al</u>. and is pending in the United States District Court for the Central District of California, case number CV 07-113 ABC (RZx). The Throne action was removed to said court on or about January 4, 2007. The Tchikovani Action currently pending before this Court was filed in the Los Angeles Superior Court for the County of Los Angeles on or about November 17, 2006, was amended to articulate class claims and served on CIS on or about June 12, 2007, and was removed to this Court on or about July 10, 2007.

**3.    Relationship Of The Actions.**

Except for the identity of the named plaintiff and the individual claim for Wrongful Termination in Violation of Public Policy in the Tchikovani Action, the Tchikovani Action is for all intents and purposes identical to the first-filed Throne Action. In each complaint, the putative class consists of current and former securities brokers employed by CIS within the applicable statute of limitations. The defendant in each complaint is CIS. The gravamen of each complaint is that CIS violated federal and California wage and hour laws with regard to the CIS' Financial Consultants. The two complaints contain almost identical allegations, assert the same causes of action (with the exception of the individual claim for Wrongful Termination in Violation of Public Policy in the Tchikovani Action) and seek the same form of relief. Moreover, each will require discovery of the same facts.

**4.    Transfer Of The Tchikovani Action To the Central District of California Is Likely To Conserve Judicial Resources And To Promote Efficient Determination Of The Actions.**

A stay or dismissal without prejudice of the class claims in the Tchikovani Action, pursuant to the first-to-file rule articulated in Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982) and Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991), or the transfer of the entire Tchikovani Action to the Central District of California for consolidation with the Throne Action, pursuant to Pacesetter Systems and Alltrade, as well as 28 U.S.C. § 1404(a), would conserve judicial resources, promote an efficient determination of these actions, and avoid repetitive and duplicative litigation.

NOTICE OF PENDENCY OF OTHER ACTION
C07-03560 JF

3

| | |
|---|---|
| Dated: August 13, 2007 | O'MELVENY & MYERS LLP |
| | By /s/ Adam P. KohSweeney |
| | Adam P. KohSweeney |
| | Attorneys for Defendant Citicorp Investment Services |

LA3:1135577.3

NOTICE OF PENDENCY OF OTHER ACTION
C07-03560 JF

4