Richard Jones (SB # 117679)
LAW OFFICES OF RICHARD A. JONES
1820 E. 17th Street
Santa Ana, CA 92705
Telephone: (714) 480-0200
Facsimile : (714) 480-0423

Michael A. Gould (SB # 151851)
Aarin A. Zeif (SB # 247088)
GOULD & ASSOCIATES
A Professional Law Corporation
17822 E. 17th Street, #106
Tustin, CA  92780
Phone (714) 669 2850  Fax  (714) 544 0800

Attorneys for Plaintiff
Nicholas Tchikovani

Framroze M. Virjee (S.B. #120401)
David L. Herron (SB #158881)
Adam P. KohSweeney (SB #229983)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407
E-Mail:      akohsweeney@omm.com

Attorneys for Defendant
Citicorp Investment Services

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS TCHIKOVANI,<br><br>Plaintiff,<br><br>vs.<br><br>CITICORP INVESTMENT SERVICES, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:07-cv-03560-JF<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO RULE 26(f) AND LOCAL CIVIL RULE 16-9**<br><br>Hearing Date:  October 16, 2007<br>Time:          1:30 P.M.<br>Courtroom:     2 (Fifth Floor)<br>Judge:         Hon. Jeremy Fogel<br><br>Case Removed:  July 10, 2007<br>Trial Date:    None Set |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Local Rule 16-9, the Standing Order for all Judges of the Northern District of California, and the Court's Order Setting Initial Case Management Conference and ADR Deadlines, dated July 10, 2007, counsel for Plaintiff Nicholas Tchikovani ("Plaintiff"), and Defendant Citicorp Investment Services, which was merged with and into Citigroup Global Markets Inc. on May 31, 2007 ("CIS" or "Defendant"), state as follows:

**(1)    JURISDICTION AND SERVICE**

The basis for this Court's jurisdiction over this matter is set out in detail in CIS' Notice of Removal. Essentially, the second cause of action in the First Amended Complaint ("FAC") in this matter is a claim under the Fair Labor Standard Act, 29 U.S.C. §§ 201 et seq. Pursuant to 28 U.S.C. § 1331, federal District Courts have original jurisdiction of all civil actions arising under federal law such as the FLSA. Additionally, six of the seven claims in this matter are class claims, and this Court also has subject matter jurisdiction over said class claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), for the reasons explained in the Notice of Removal. Lastly, there are multiple bases for subject matter jurisdiction over the Plaintiff's individual claim of wrongful termination – including the fact that the claim arises from the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq., another federal act.

The parties do not believe that there are any outstanding issues with respect to personal jurisdiction or venue, and all defendants have been served.

**(2)    SUMMARY OF FACTS**

Plaintiff brings this matter as a class action. Plaintiff was formerly employed by CIS as a Financial Executive from June 2003 to April 2005. CIS is a company with offices in several states that provides investment advice and transactional services to its customers. More specifically, as a Financial Executive Plaintiff was a registered "stockbroker" who worked in a bank branch and provided financial services pertaining to securities and annuities to the branch's customers. The

1  parties currently anticipate that the major factual disputes <u>with regard to the class</u>
2  <u>claims</u> will center on the amount of hours worked by Plaintiff and the members of
3  the putative class, and the extent to which different Financial Executives were
4  subject to local policies and control that varied from bank branch to bank branch.
5      With regard to the individual claim for wrongful termination, that parties
6  anticipate numerous factual disputes, including but not limited to whether Plaintiff
7  ever requested statutory leave, what the basis for any such request was, who the
8  request and/or explanation was conveyed to, and whether Plaintiff was terminated
9  or he voluntarily quit.
10     This matter was originally filed in the Superior Court of the State of
11 California for the County of Santa Clara. Defendant removed the case to the United
12 States District Court for the Northern District of California on July 10, 2007.
13 **(3)    LEGAL ISSUES**
14 <u>Plaintiff's Position</u>
15     Plaintiff defines seven purported classes of putative plaintiffs, as follows:
16 Class A - All current and former Financial Consultants employed by CIS who
17 within the applicable statute of limitations were subject to CIS's unlawful wage
18 deductions and chargebacks; Class B- All current and former Financial Consultants
19 employed by CIS who within the applicable statute of limitations worked more that
20 40 hours in a workweek and failed to receive overtime compensation at a premium
21 rate of pay; Class C - All current and former Financial Consultants employed by
22 CIS who within the applicable statute of limitations worked more that 8 hours in a
23 workday and failed to receive overtime compensation at a premium rate of pay;
24 Class D – All current and former Financial Consultants employed by CIS who
25 within the applicable statute of limitations were not provided proper meal breaks
26 and failed to receive wages of one hour of pay for missed meal breaks; Class E- All
27 current and former Financial Consultants employed by CIS who within the
28 applicable statute of limitations were not provided proper rest breaks and failed to

receive wages of one hour of pay for missed rest breaks; Class F- All former Financial Consultants employed by CIS who within the application statute of limitations were not paid all wages due upon termination; and Class G- All current and former Financial Consultants employed by CIS who within the applicable statute of limitations failed to receive proper itemized statements. Plaintiff believes that all the applicable requirements of Federal Rule of Civil Procedure 23 and the FLSA are met, and that class certification is appropriate.

With respect to the merits, Plaintiff alleges that Defendant has improperly classified Plaintiff and the putative Class Members employed in California as exempt employees, and did not provide them overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and California Labor Code §§ 510(a), 1194, 11040. Plaintiff believes that putative Class Members do not fall into the administrative exemption because CIS cannot demonstrate that the salary test is met, and because CIS cannot demonstrate the duties test was met since the Plaintiff's primary duties were sales-related. Plaintiff contents that this alleged misclassification, in turn, led to violations of California's statutes concerning payment of wages on termination, provision of meal periods and rest breaks, and itemization of wage statements. See California Labor Code §§ 201, 202, 203, 226, 226.7, 512. Finally, Plaintiff alleges that Defendant improperly deducted from the wages of Plaintiff and the putative class for various purposes, including for purposes of funding payments to administrative staff. See California Labor Code § 2802.

Plaintiff is also pursuing one individual cause of action for wrongful termination, citing California Government Code §§ 12920, 12940. Plaintiff contends that he was terminated in retaliation for requesting protected leave.

Defendant's Position

CIS believes, particularly in light of recent clarifications provided by the United States Department of Labor which specifically pertain to CIS' industry, that

Plaintiff and the other members of the purported class were properly classified as exempt as "white collar" and/or salespeople (thereby eliminating the majority of Plaintiff's claims), and that Plaintiff and the purported class members were not unlawfully required to incur costs attributable to CIS. CIS also contends that this action can not be maintained as a class action, that most or all of the members of the purported class did not work "overtime," and that most or all took adequate meal periods and rest breaks even though they were exempt. In addition, CIS believes that it has several affirmative defenses, as set out in its Answer.

With regard to Plaintiff's individual claim, CIS contends that Plaintiff never alerted it of any situation which qualified for statutory leave. Instead, Plaintiff asked for time off to assist in his wife's business. When CIS indicated that they could not grant that request, Plaintiff abandoned his job voluntarily.

List of Issues

(a) Whether class treatment under FRCP 23 is appropriate in this matter (including but not limited to issues of adequacy, commonality, typicality, and superiority);

(b) Whether Plaintiff and the other Class Members qualify for "exempt" status under any applicable legal exemption (including but not limited to application of the salary basis and duties tests of the "white collar" exemptions), and thus, whether they were owed overtime, meal periods, rest breaks, and detailed wage statements;

(c) Whether CIS is a "retail or service" establishment for purposes of the FLSA;

(d) The validity of "regulations" issued by the United States Department of Labor defining a "retail or service establishment" for purposes of an exemption from the Fair Labor Standards Act's overtime pay requirement;

(e) Whether the Federal Department of Labor's November 27, 2006, opinion letter regarding the exempt classification of stockbrokers is binding and/or persuasive, and the extent to which is forecloses some or all of Plaintiff's claims;

(f) Whether CIS required Plaintiff and the other members of the purported class to work over eight (8) hours per day and/or forty (40) hours per week, and/or whether such hours were worked by Plaintiff and/or the other members of the purported class;

(g) Whether CIS properly complied with California's requirements pertaining to wage statements;

(h) Whether CIS unlawfully deprived Plaintiff and the other Class Members of meal and/or rest periods and/or required Plaintiff and the other Class Members to work during meal and/or rest periods without compensation;

(i) Whether CIS unlawfully collected or received from Plaintiff and the other Class Members any part of wages previously paid to Plaintiff and the Class Members;

(j) Whether certain protocols used while calculating the compensation of Plaintiff and other members of the purported class were "deductions" or commission calculations;

(k) Whether Plaintiff and other members of the purported class improperly were required to, or did, fund CIS' costs of doing business;

(l) Whether CIS failed to promptly pay all wages due to Plaintiff and the other Class Members upon their discharge or resignation;

(m) Whether CIS' conduct was willful;

(n) Whether CIS engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq.;

(o) Whether the provisions of the FLSA preempt California Business & Professions Code § 17200, et seq. with respect to some or all of the claims in this matter;

1     (p)    Whether any monies due to Plaintiff or the other members of the purported class for violations of the California Labor Code are penalties or wages, and what the proper limitations period is;

    (q)    What the appropriate amount of compensatory damages would be if CIS were to be found to have violated the law; and

    (r)    What the appropriate amount of monetary penalties would be if CIS were to be found to have violated the law.

**(4)    CONTEMPLATED MOTIONS**

At a minimum, the parties foresee filing the following motions:

Plaintiff anticipates filing a Motion for Class Certification and potentially a Motion for Summary Judgment or in the Alternative, Partial Summary Judgment. Plaintiff anticipates that his motion would be predicated on whether putative Class Members were properly classified as exempt.

CIS anticipates filing a Motion to Consolidate, Transfer, or Dismiss some or all of the case, in light of the first-filed *Throne* action. CIS may also file a Motion to Compel Arbitration of Plaintiff's individual claim only, in light of the arbitration agreement contained in Plaintiff's Uniform Application for Securities Industry Registration or Transfer (the "Form U-4").

CIS also anticipates filing a Motion for Summary Judgment or in the Alternative, Partial Summary Judgment. CIS presently anticipates that, among other items, this motion or motions would seek a ruling, as a matter of law, that Plaintiff and the members of the purported class: are exempt employees; are not entitled to meal periods, rest breaks, or a detailed wage statement; that the alleged "deductions" and "contributions" referred to in the First Cause of Action were in reality commission calculations; and that the alleged "deductions" and "contributions" referred to in the First Cause of Action were purely voluntary and not necessary for the completion of Plaintiff's duties, or the duties of the members of the purported class.

CIS also currently is assessing whether and to what extent legal grounds exist to file a Motion for Partial Summary Judgment on the issue of whether certain of the statutory monies sought by Plaintiff and the other members of the purported class for violations of the California Labor Code are penalties or wages, what the proper limitations period is with respect to certain of these claims, and whether they are constitutional.

**(5)   AMENDMENT OF PLEADINGS/ADDITION OF PARTIES**

At this time, and barring any additional facts which may come to light during discovery, the parties do not anticipate adding additional parties or amending the pleadings.

**(6)   EVIDENCE PRESERVATION**

As noted in the Notice of Pendency filed by CIS on August 14, 2007, CIS is currently litigating a case entitled *Throne v. Citicorp Investment Services*, Case No. CV 07-113-ABC (RZx) (C.D. Ca.), which was filed prior to this action and involves precisely the same issues (with respect to Plaintiff's class allegations). In connection with that case, CIS circulated dozens of "litigation hold" memoranda to national, regional, and local management, as well as to human resources and information technology, alerting them of these cases, describing the types of documents and information that would need to be retained, and mandating such retention. CIS has also been actively reviewing its files to identify and retain relevant materials.

**(7)   INITIAL DISCLOSURES**

Pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines, dated July 10, 2007, the parties will serve Initial Disclosures on October 9, 2007, concurrently with this Joint Statement.

**(8)   DISCOVERY PLAN**

Because the initial Case Management Conference as not yet been held and the parties have only recently met-and-conferred, and with the exception of the

1  aforementioned Initial Disclosures, no discovery has been exchanged pursuant to
2  the stay imposed by Federal Rule of Civil Procedure 26(d). The parties agree to be
3  bound by the relevant limits and procedures set out in Federal Rules of Civil
4  Procedure. The parties also intend to stipulate to a protective order governing the
5  production and use of purported confidential documents prior to the exchange of
6  discovery.

7      The allegations in this matter implicate the policies applicable to a large
8  number of employees and former employees over a lengthy time period and across
9  the entire state. Accordingly, the parties also agree that discovery preceding the
10 hearing on the class certification motion should be limited to class certification
11 issues. This will save both the parties and the court the time and expense of
12 engaging in a vast amount of merits-related discovery, only to later discover that
13 the proper scope was far narrower if – as CIS contends – this Court rules that the
14 matter may not proceed as a class action. See Larson v. Burlington Northern &
15 Santa Fe R. Co., 210 F.R.D. 663, 666 (D. Minn. 2002) (bifurcating discovery where
16 the claims were "potentially fraught with factual distinctions which could render
17 certification problematic"); Plummer v. Chicago Journeyman, 77 F.R.D. 399, 402
18 (N.D. Ill. 1977) (stating that the "bifurcated approach to discovery is the proper and
19 most efficient way to administer this class action"). The parties do recognize,
20 however, that some information and/or documents may be relevant to both
21 certification and the merits. In such instances, the parties agree that the fact that
22 such documents or information pertain to both will not be a bar to seeking the same
23 with respect to certification, while leaving its relevance to the merits for a later
24 time.

25 **(9) CLASS ACTION**
26     This case is a putative class action, but the appropriateness of the class
27 mechanism is in dispute. Accordingly, pursuant to Sections 8 and 17 of this Joint
28 Statement, the parties intend to focus discovery and motion practice on class issues

first.

**(10) RELATED CASES**

As noted in CIS' Notice of Pendency, filed August 14, 2007, a previously filed case captioned *Throne v. Citicorp Investment Services*, Case No. CV 07-113-ABC (RZx) (C.D. Ca.), involves the same defendant, the same putative class, and all the same claims -- with the exception of Plaintiff's individual claim. Accordingly, CIS believes that this case, or its class components, should be transferred, consolidated, or dismissed in light of the previously filed and completely overlapping *Throne* matter.

**(11) RELIEF**

Plaintiff seeks: back overtime; compensatory damages; waiting time penalties; meal period, rest break, and unitemized wage statement penalties; reimbursement of unlawfully deducted monies; interest; attorneys' fees; costs; and judgment for general, special, and punitive damages according to proof.

**(12) SETTLEMENT DISCUSSIONS**

Counsel for Plaintiff and CIS have discussed settlement in a preliminary fashion pursuant to ADR L.R. 3-5. However, CIS has a scheduled mediation in the previously filed *Throne* matter which it hopes will resolve that matter. CIS has invited plaintiffs' counsel in *Throne* and this matter to discuss with each other a consolidated approach to mediation, but the two sets of plaintiffs' counsel have not reached an agreement. Accordingly, CIS is proceeding to mediation in the *Throne* matter, after which it will reassess the need or appropriateness of a mediation in this matter.

**(13) CONSENT TO A MAGISTRATE JUDGE**

The parties have not consented to conduct all future proceedings before a magistrate judge.

**(14) OTHER REFERENCES**

The parties do not believe that his matter is appropriate for reference to

binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**(15) NARROWING OF ISSUES**

CIS believes that this matter, or at least the class allegations herein, should be dismissed, transferred, or consolidated with the *Throne* matter.

The parties believe that some or all of the provisions of the Manual for Complex Litigation should be applied. As noted previously, the parties also anticipate stipulating to a protective order to preserver and protect the confidentiality of certain information in this case, and will jointly present the proposed order to the Court.

**(16) EXPEDITED SCHEDULE**

The parties believe that this case is complex and large scale, and is not appropriate for handling on an expedited basis with streamlined procedures.

**(17) PROPOSED SCHEDULE**

| | |
|---|---|
| March 21, 2008 | Last day by which non-expert fact discovery regarding class certification must be completed. |
| April 4, 2008 | Last day for plaintiff and defendant to disclose their expert witnesses and reports, regarding class certification, pursuant to Rule 26(a)(2) of the FRCP. |
| May 2, 2008 | Last day by which parties must exchange disclosures and reports of rebuttal expert class-certification witnesses pursuant to Rule 26(a)(2) of the FRCP. |
| May 2, 2008 | Last day by which expert discovery regarding class certification must be completed. |
| June 2, 2008 | Last day by which Plaintiff must file motion for class certification. The parties agree to waive the requirements of Local Rule 23.3 regarding the ninety (90) day class certification deadline. |

| June 30, 2008 | Last day by which CGMI must file opposition to motion for class certification. |
|---|---|
| July 11, 2008 | Last day by which Plaintiff must file reply in support of motion for class certification. |
| July 22, 2008 | Hearing on motion for class certification. |

**(18)   TRIAL ESTIMATE**

The parties believe it is premature to set a trial date prior to a ruling on the motion for class certification, and therefore request that a further case management conference be scheduled after the Court issues its ruling on the motion for class certification. At that conference, the Court would set a schedule for further discovery with regard to the merits and proceedings through trial. Similarly, the parties are unable to estimate the length of trial in advance of a ruling on the motion for class certification. Trial length could range from two weeks (if only Plaintiff's individual claims proceed to trial) to four months (if a class is certified as to all claims).

**(19)   DISCLOSURE OF NON-PARTY INTERESTED PERSONS**

On, Defendant May 31, 2007, Defendant Citicorp Investment Services was merged with and into Citigroup Global Markets Inc. ("CGMI"). CGMI is wholly owned by Citigroup Global Markets Holdings, Inc., which, in turn, is wholly owned by Citigroup, Inc., shares of which are listed on the New York Stock Exchange.

///
///
///
///
///
///
///

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | |
| 3 | Dated: October 9, 2007 |

Michael A. Gould
Aarin A. Zeif
Gould & Associates

By: /s/ Michael Gould
  Michael Gould
Attorney for Plaintiff
NICHOLAS TCHIKOVANI

Dated: October 9, 2007

Framroze M. Virjee
David L. Herron
Adam P. KohSweeney
O'Melveny & Myers LLP

By: /s/ David L. Herron
  David L. Herron
Attorney for Defendant
CITICORP INVESTMENT SERVICES

1139632

## PROOF OF SERVICE BY MAIL

I am over the age of eighteen years and not a party to the within action. I am employed in the county of Los Angeles. My business address is 400 South Hope Street, Los Angeles, CA 90071-2899. On October 9, 2007, I served the following:

**Joint Case Management Statement Pursuant to Rule 26(f) and Local Civil Rule 16-9**

☐ by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407. The facsimile machines used in this office create a transmission report for each outgoing facsimile transmitted.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

addressed as follows:

| | |
|---|---|
| Richard A. Jones, Esq. | Michael A. Gould, Esq. |
| Law Offices of Richard A, Jones | Gould & Associates |
| 1820 E. 17th Street | 17822 E. 17th Street, Ste. 106 |
| Santa Ana, CA 92705 | Tustin, CA 92780 |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on October 9, 2007, at Los Angeles, California.

_____
Cynthia Evangelista